**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **Immanuel Lowe,** | |
| **Plaintiff;** | |
| **v.** | **Case No.** |
| | _____ |
| **Lazer Spot, Inc,** | |
| | **Jury Trial Demanded** |
| **Defendant.** | |

## COMPLAINT

Plaintiff Immanuel Lowe ("Plaintiff"), by and through counsel, files this Complaint against Defendant Lazer Spot, Inc. ("Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid overtime wages, liquidated damages, costs, expenses of litigation, and attorneys' fees.   Plaintiff alleges as follows:

## PARTIES

1.  Plaintiff is an adult resident of Georgia.

2.  Defendant Lazer Spot Inc. is a Georgia corporation with its principal place of business at 6525 Shiloh Road, Suite 900, Alpharetta, Georgia, 30005.

3.   Defendant can be served through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over the present action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.   Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b)(2) because the cause of action arose in the Northern District.

6.   Divisional venue is proper in the Atlanta Division under Local Rule 3.1(B)(3).

## COVERAGE UNDER THE FLSA

7.   Plaintiff was employed by Defendant from approximately September 2020 to September 2021.

8.   At all relevant times, Plaintiff was an "employee" of Defendant and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

9.   At all relevant times, Defendant was the "employer" of Plaintiff.

10.  At all relevant times, Defendant was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

## FACTS

11. Defendant is a third-party logistics company that provides yard management services to various plants, mills, and warehouses in the United States.

12. Defendant is the leading provider of yard management services in North America and has over 400 work sites in the United States and Canada.

13. Defendant provides its customers with yard management services including tailer spotting, shuttling, and yard audits.

14. Defendant provided yard management services for Mondelez International, Inc., at its facility near the intersection of South Fulton Parkway and Highway 92 Fairburn, Georgia.

15. Mondelez at this location operates a yard and warehouse ("the Mondelez yard") with multiple bays for loading and unloading trailers.

16. Defendant employed Plaintiff as a "yard dog" at the Mondelez yard for approximately one year, from September 2020 until September 2021.

17. Plaintiff's job duty as a "yard dog" at the Mondelez yard was to move Mondelez's trailers safely and reliably around the yard.

18. At all times, Plaintiff performed non-exempt work for Defendant.

19. Plaintiff, as part of his employment for Defendant, never drove on the public roads.

20. Plaintiff never loaded or unloaded trailers.

21. As part of his employment for Defendant, Plaintiff was not engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act.

22. Plaintiff worked more than 40 hours per week for Defendant.

23. Plaintiff was not paid overtime wages (i.e., time and one-half his regular rate of pay) for hours that he worked over 40 hours per workweek.

**COUNT I**
**FAIR LABOR STANDARDS ACT VIOLATIONS-**
**OVERTIME**

24. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

25. At all relevant times, Defendant was an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

26. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

27. At all relevant times, Defendant maintained a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime compensation for all hours that Plaintiff worked in excess of forty hours per workweek.

28. As a result of Defendant's willful failure to compensate Plaintiff the applicable wage for all hours worked at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendant violated the FLSA.

29. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

30. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant for compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendant:

A.    An award of unpaid compensation for overtime wages to Plaintiff;

B.    An award of all liquidated damages for unpaid overtime wages to Plaintiff;

C.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D.    Such other and further relief as this Court deems just and proper.

Respectfully submitted this November 19, 2021,

**HALL & LAMPROS, LLP**

*/s/ Patrick J. Hannon*
Patrick J. Hannon
Ga Bar No. 074321

HALL & LAMPROS LLP
400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
patrick@hallandlampros.com

*Attorney for the Plaintiff*